IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JICARILLA APACHE NATION,

        Plaintiff,

vs.                                                                                                        No. CIV No. 02-1470 JB/RLP

RIO ARRIBA COUNTY; MOISES MORALES,
Rio Arriba County Commissioner; ANDREW CHAVEZ,
Rio Arriba County Commissioner; ELIAS CORIZ,
Rio Arriba County Commissioner; LORENZO VALDEZ,
Rio Arriba County Commissioner; ARTHUR RODARTE, Rio
Arriba County Assessor; ACAPITO CANDELARIA,
Rio Arriba County Chief Appraiser; and UNKNOWN
JOHN AND JANE DOES; each such natural person in
both his or her official and individual capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Objections to Magistrate Judge's Order Granting Defendant's Motion for Protective Order, filed December 17, 2003 (Doc. 62), and the Plaintiff's Objections to Magistrate Judge's Order Granting Defendant's Motion for Protective Order, filed January 7, 2003 (Doc. 66). The primary issue is whether the Court should affirm Judge Puglisi's decision to stay further discovery pending a determination of the qualified immunity issues in this case. Because the Court finds that Judge Puglisi's Orders are neither based on erroneous conclusions of law, nor lacking in rational basis in the evidence, the Court will overrule the Plaintiff's Objections.

## BACKGROUND

The Nation filed this civil rights action in November 2002, seeking declaratory, injunctive, and

monetary relief against Rio Arriba County ("the County"), a governmental subdivision of the State of New Mexico, and numerous officials named in both their official and individual capacities. See Complaint ¶ 1, 3, 6, at 1-2 (filed November 21, 2002)(Doc. 1). The Complaint alleges that the County through various officials has intentionally discriminated against the Nation over the last few years by selectively increasing annual property taxes on the Nation's Chama Ranch by over 700% (or more than $110,000.00). See id. ¶ 7, 12, at 3, 4. In particular, the Complaint alleges that the County, through its officials, has impermissibly revoked and withheld a long-standing agricultural land classification without adequate basis, in a manner inconsistent with the tax treatment of numerous other similarly situated properties, and in an effort to oppose conveyance of the Chama Ranch to the United States pursuant to federal law. See id. ¶ 7-25, at 3-9.

Following the election of new County officials, and consistent with the claim for injunctive relief, the Nation moved unopposed under rule 25(d)(1) of the Federal Rules of Civil Procedure to substitute the new officials in their official capacities. See Plaintiff's Unopposed Motion for Substitution of Parties, filed January 30, 2003 (Doc. 11). The Court granted that motion. See Order Substituting Parties Pursuant to Fed. R. Civ. P. 25(d)(1), filed February 7, 2003 (Doc. 14). Subsequently, the parties stipulated to and the Court ordered a stay of discovery pending adjudication of a motion to dismiss that the Defendants intended to file. See Plaintiff's and Named Defendants' Joint Motion to set Briefing Schedule for Motion to Dismiss and Revised Discovery Schedule, filed February 26, 2003 (Doc. 16); Order Setting Briefing Schedule for Motion to Dismiss and Revised Discovery Schedule, filed March 3, 2003 (Doc. 17).

Instead of filing a motion to dismiss, the Defendants filed a motion for summary judgment. See Defendants' Motion for Summary Judgment, filed April 14, 2003 (Doc. 19). That motion sought

judgment on the merits of all the Nation's claims as well as a judgment that individual named Defendants were entitled to qualified immunity for claims asserted against them in their individual capacities. See id. at 21. The Nation responded with a motion for partial summary judgment on the issue of qualified immunity, see Plaintiff's Motion for Partial Summary Judgment, filed July 14, 2003 (Doc. 32), and an unopposed motion under rule 56(f) to stay consideration of that part of the Defendants' motion for summary judgment regarding the Defendants' asserted lack of intentional or purposeful discrimination – i.e., the Defendants' subjective intent – pending discovery on that issue, see Plaintiff's Unopposed Motion to Stay Consideration of Defendants' Motion for Summary Judgment on the Existence of Intentional or Purposeful Discrimination Pending Discovery on that Issue, filed July 14, 2003 (Doc. 31). See Plaintiff's Response to Named Defendants' Motion for Summary Judgment at 1, filed July 14, 2003 (Doc. 33) (incorporating and adopting by reference the arguments made in the former motions as to why a decision on summary judgment should be stayed pending further discovery on the issue of intentional or purposeful discrimination).

In the rule 56(f) motion, the Nation explained that, at that time, it could not present by affidavit facts essential to oppose the Defendants' motion regarding the Defendants' asserted lack of intentional or purposeful discrimination because discovery had not then commenced other than the service of very limited initial disclosures. See Unopposed Motion to Stay ¶ 3, at 3 (Doc. 31). In addition, the Nation explained the particular areas of discovery needed regarding the Defendants' subjective intent and documented that need with a detailed declaration by counsel for the Nation. See id. ¶ 4-6, at 3-4. The Honorable Martha Vazquez, Chief Judge, granted the rule 56(f) motion and ordered that "consideration of Defendants' Motion for Summary Judgment [Doc. No. 19] shall be and hereby is stayed on the issue of whether Defendants have intentionally or purposefully

discriminated against Plaintiff." Order Staying Consideration of Defendants' Motion for Summary Judgment on the Existence of Intentional or Purposeful Discrimination Pending Discovery on that Issue at 1, filed July 18, 2003 (Doc. 36). Chief Judge Vazquez also ordered that, following completion of discovery on the Defendants' subjective intent, she would allow the Nation to file a response to the Defendants' summary judgment motion on that issue and would allow the Defendants to file a reply thereto. See id. at 1-2.

The Defendants subsequently filed an initial reply in support of their motion for summary judgment, see Defendants' Reply Brief in Support of Their Motion for Summary Judgment, filed September 30, 2003 (Doc. 43), and responded to the Nation's motion for summary judgment, see Defendants' Response to Plaintiff's Motion for Partial Summary Judgment, filed September 30, 2003 (Doc. 44). In those filings, the Defendants argued, among other things, that the Nation was not entitled to summary judgment on the issue of qualified immunity because the Nation had "failed to show intentional discrimination by Defendants" and had "failed to come forward with evidence of intentional discrimination." Response to Plaintiff's Motion for Partial Summary Judgment at 14, 15 (Doc. 44). See Reply in Support of Motion for Summary Judgment at 1 (incorporating by reference Doc. 44)(Doc. 43). In support of those assertions, the Defendants submitted an affidavit of the County Deputy Assessor – a nonparty witness whom the Nation had not yet had an opportunity to depose – which states: "The Assessor's Office has not been made aware of any indicator that the Quinlan, Montano, Rancho Lobo or Lazy Triangle ranches have been improperly assessed." See Response to Plaintiff's Motion for Partial Summary Judgment at 7; Affidavit of Reynolds J. Smith ¶ 13 , at 2 (executed September 25, 2003).

Since entry of Judge Vazquez' rule 56(f) order, the Nation has conducted discovery on the

issue of the Defendants' subjective intent and the parties have generally worked toward orderly completion of that necessary discovery. In particular, after service of the Nation's first set of interrogatories and requests for production, see Certificate of Service for Plaintiff's First Set of Interrogatories to all Named Defendants, filed September 18, 2003 (Doc. 41); Certificate of Service for Plaintiff's First Request for Production of Documents to all Named Defendants, filed September 24, 2003 (Doc. 42), the Nation noticed depositions of certain individual Defendants and noticed and took a deposition of the New Mexico Taxation and Revenue Department under rule 30B(6), which was recessed pending availability of a necessary witness and further document production pursuant to a related subpoena duces tecum. The Nation also issued subpoenas for and noticed depositions of two nonparty employees of Rio Arriba County, including the County's Deputy Assessor, whose affidavit the Defendants had submitted as support for their assertion of a lack of improper subjective motivation.

In addition, the parties stipulated to an order extending discovery and briefing schedules. See Stipulated Motion to Extend Discovery and Briefing Schedules, filed October 16, 2003 (Doc. 45). Judge Puglisi entered that order. See Stipulated Order Extending Discovery and Briefing Schedules, filed October 21, 2003 (Doc. 46). That order allowed the Defendants more time to respond to the Nation's first sets of discovery requests, allowed the Nation sufficient time thereafter to depose witnesses, and allowed the parties to complete briefing on both the Defendants' motion for summary judgment and the Nation's motion for partial summary judgment following completion of the necessary discovery. See id.

Following entry of that order, the Nation rescheduled all of the noticed depositions to allow the Nation to review the responses to its initial discovery requests before taking those depositions.

Since then, the Defendants have served responses and objections to the first set of interrogatories and have provided partial responses and objections to the Nation's first and second set of requests for production. See Certificate of Service for Plaintiff's Second Request to Defendants for Production of Documents, filed November 13, 2003 (Doc. 52); Certificate of Service, filed November 20, 2003 (Doc. 53); Certificate of Service, filed December 4, 2003 (Doc. 58). The parties also have engaged in discussions regarding the adequacy and completeness of the Defendants' discovery responses and objections, the scheduling of further responsive document production, and the rescheduling of depositions.

During this same period, the Defendants moved for adjudication of their pending summary judgment motion solely regarding the issue of qualified immunity, before continuation and completion of discovery on the Defendants' subjective intent. See Defendants' Motion for the Court to First Determine Whether Defendants are Entitled to Qualified Immunity Prior to the Commencement of Discovery on the Issue of Intentional or Purposeful Discrimination, filed October 24, 2003 (Doc. 47). In addition, the Defendants noticed the nonappearance at the depositions of designated individual Defendants and moved for protective orders prohibiting both their initial and rescheduled depositions. See Defendants' Motion for Protective Order and Notice of Non-Appearance, filed October 24, 2003 (Doc. 48); Defendants' Second Motion for Protective Order and Notice of Non-Appearance, filed November 10, 2003 (Doc. 49). The Nation opposed all three of the Defendants' motions on the grounds that the Defendants could not meet their burden of establishing good cause for entry of a protective order and that judicial resources would be spared and the parties' interests would be best served by consideration of the Defendants' entire motion for summary judgment at once following completion of ongoing discovery regarding the Defendants' subjective intent. See Plaintiff's

Response to Defendants' Motion for Protective Order, filed November 10, 2003 (Doc. 50); Plaintiff's Response to Defendants' Motion for the Court to First Determine Whether Defendants are Entitled to Qualified Immunity Prior to the Commencement of Discovery on the Issue of Intentional or Purposeful Discrimination, filed November 10, 2003 (Doc. 51); Plaintiff's Response to Defendants' Second Motion for Protective Order, filed November 26, 2003 (Doc. 54).

In attempting to resolve the dispute, Judge Puglisi stayed all discovery pending a ruling on the entirety of the Defendants' pending summary judgment motion. See Order Granting Defendants' Motion for Protective Order at 2, filed December 5, 2003 (Doc. 59). Judge Puglisi analyzed the discovery dispute as follows:

> Plaintiff argues Defendants are not entitled to qualified immunity because it has alleged a violation of a clearly established constitutional right and because Defendants' [su]bjective intent is an element of Plaintiff's claim, it has a right to show that Defendants' conduct was not objectively reasonable. Plaintiff make[s] no further attempt to lay a foundation as to why specific discovery is necessary while a motion based in large part on qualified immunity is pending.
>
> In *Lewis v. City of Ft. Collins*, 903 F.2d 752 (10th Cir. 1990), the Court instructed how to lay the necessary foundation for additional discovery while a qualified immunity motion is pending . . . . [quoting id. at 758]
>
> Plaintiff has not met this burden to outline specifically why this discovery is required prior to the trial judge's ruling on the motion.

Id. at 2. Pursuant to rule 72(a) of the Federal Rules of Civil Procedure, the Plaintiff, Jicarilla Apache Nation submits objections the Honorable Richard L. Puglisi, United States Magistrate Judge's two orders granting motions for protective order, which stayed all discovery in this case pending adjudication of the Defendants' motion for summary judgment.

## **LEGAL ANALYSIS**

When a party files and serves timely objections to a nondispositive magistrate judge order,

such as the interim discovery order at issue here, see Hutchinson v. Pfeil, 105 F.3d 562, 566 (10th Cir. 1997)("Discovery is a nondispositive matter."), "the district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The judges in this district have characterized this standard as requiring alteration of a magistrate judge's order when the magistrate judge based his or her decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the magistrate judge's ruling. See Creative Gifts Inc. v. UFO, 183 F.R.D. 568, 571 (D.N.M. 1998)(Hansen, J.)(citing In re Standard Metals Corp., 817 F.2d 625, 628 (10th Cir. 1987)). The latter, clearly erroneous standard is met when, after reviewing the entire record, the district judge is left with a "'definite and firm conviction that a mistake has been committed.'" Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988)(quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). See Heuser v. Johnson, 189 F. Supp. 2d 1250, 1256-57 (D.N.M. 2001)(Vazquez, J.)(same).

The Court agrees with Judge Puglisi that the fundamental purpose of qualified immunity precludes discovery from going forward as the matter is plead at this time. The Court should resolve qualified immunity early in the litigation. The rationale is to prevent an immune Defendant from having to go through broad reaching discovery. See Scherer v. Flanagan, No. 02-4010 JAR, 2003 WL 549041 at *1 (D. Kan. 2003)(citing Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1992)).

Qualified immunity is immunity from suit rather than merely a defense to liability. See Scherer v. Flanagan 2003 WL 549041 at 1 (citing Harlow v. Fitzgerald, 457 U.S. at 818-19). The qualified immunity doctrine balances the protection of Constitutional statutory rights with the protection of public officials from undue interference in the performance of their duties as a result of baseless

claims. See Pueblo Neighborhood Healthcenters, Inc. v. Losavio, 847 F.2d 642, 645 (10th Cir. 1988). Additionally

> The "vindictive action" class of equal protection cases requires proof that the cause of the differential treatment of which the plaintiff complains was a totally illegitimate animus toward the plaintiff by the defendant. If the defendant would have taken the complained-of action anyway, even if it didn't have the animus, the animus would not condemn the action; a tincture of ill will does not invalidate governmental action.

Olech v. Village of Willowbrook, 160 F.3d 386, 388 (7th Cir. 1998), aff'd, 528 U.S. 562 (2000).

The Nation has not formally requested that the Court stay its ruling on every issue raised by the motion for qualified immunity on the basis that it needs to perform discovery on every issue before the Court's ruling. It has only asked that the Court stay its decision regarding the discrete issue of intentional or purposeful discrimination. The Court's consideration of other issues that the qualified immunity issue raises may not require the Court to decide the discrete intentional or purposeful discrimination issue. If the Court were to grant the motion for qualified immunity on grounds other than intentional or purposeful discrimination, there will be no need for the Nation to pursue the discovery on intentional or purposeful discrimination. Further, by waiting for the Court to rule on the qualified immunity issue, the parties will not expend money and time on the discovery of an issue that the Court may not consider if it is found that the Defendants are entitled to qualified immunity.

It is difficult for the Court to decide in a meaningful way what discovery needs to be done until it reviews the briefing on the motion for summary judgment. The Court will not authorize discovery at this stage, will set the motion for summary judgment for an immediate hearing, and will hear the lawyers argue all issues that the motion fairly raises. If it becomes apparent that more discovery is needed, the Court will either deny the motion or defer ruling until the needed discovery

is completed.

**IT IS ORDERED** that the Plaintiff's objections to the Magistrate Judge's two protective orders are overruled and the Court will not set aside the Magistrate Judge's Orders Granting the Defendants' Motions for Protective Order.

                                                        _____
                                                        UNITED STATES DISTRICT JUDGE

Counsel:

Daniel I.S.J. Rey-Bear

Heather Whiteman Runs Him
Jennifer J. Dumas
Nordhaus Haltom Taylor Taradish & Bladh, LLP
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

R. Galen Reimer
Gallagher, Casados & Mann, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendants*