# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JICARILLA APACHE NATION,

      Plaintiff,

vs.                                                                      No. CIV 02-1470 JB/RLP

RIO ARRIBA COUNTY; MOISES MORALES,
Rio Arriba County Commissioner; ANDREW CHAVEZ,
Rio Arriba County Commissioner; ELIAS CORIZ,
Rio Arriba County Commissioner; LORENZO VALDEZ,
Rio Arriba County Commissioner; ARTHUR RODARTE, Rio
Arriba County Assessor; ACAPITO CANDELARIA,
Rio Arriba County Chief Appraiser; and UNKNOWN
JOHN AND JANE DOES; each such natural person in
both his or her official and individual capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Expedited Motion for Extension of Time to Respond to Defendants' Second Motion for Summary Judgment, filed June 30, 2004 (Doc. 96). The primary issue is whether the Court should allow the Plaintiff, the Jicarilla Apache Nation (the "Nation"), to delay its response to the Defendants' Second Motion for Summary Judgment, filed April 21, 2004 (Doc. 92), until July 20, 2004. Because the parties and the Court earlier agreed that the Court would stay all discovery until it decided the Defendants' Second Motion for Summary Judgment; because the parties and the Court earlier agreed on the schedule for briefing the Defendants' Second Motion for Summary Judgment; and because the Court will most likely have to decide the need for discovery in the context of deciding the Defendants' Second Motion for Summary Judgment, the Court will deny the Nation's motion for a two-week extension of time, but will grant an extension to and including Monday, July 12, 2004.

## PROCEDURAL BACKGROUND

Following the Court's March 30, 2004 ruling on the Defendants' first summary judgment motion and the Nation's motion for partial summary judgment, see Order, filed March 30, 2004 (Doc. 85), Amended Order, filed March 31, 2004 (Doc. 86), the parties agreed to, and the Court ordered, a stay of discovery pending adjudication of a second dispositive motion that the Defendants intended to file, and set a briefing schedule for that second motion for summary judgment. See Joint Motion to Set Briefing Schedule for Dispositive Motion and Revised Discovery Schedule, filed April 7, 2004 (Doc. 90); Order Setting Briefing Schedule for Dispositive Motion and Revised Discovery Schedule, file April 9, 2004 (Doc. 91). The parties agreed that the Defendants would file their motion no later than May 21, 2004; the Nation would file any response thereto no later than 45 days after the filing of the dispositive motion; and the Defendants would file any reply no later than 20 days after the filing of any response. The parties further agreed and the Court ordered that, if the Defendants' dispositive motion is denied in whole or in part, discovery shall thereafter proceed on the terms and schedule agreed to in the parties' Provisional Discovery Plan filed with the Court on January 27, 2003. See Order (Doc. 91).

The Defendants then filed a second summary judgment motion two days after the Nation's counsel left the United States for a three-week honeymoon. See Plaintiff's Notice of Agreed Extension of Time for Filing Response to Defendants' Second Motion for Summary Judgment, filed May 25, 2004 (Doc. 95). In addition, the Nation's counsel had a prior, one-week business commitment outside the office one week after returning from that honeymoon. See id. For these reasons, the Nation sought, and the Defendants agreed in accordance with D.N.M. LR-Civ. 7.6(a), to extend the time for the Nation to respond to the Defendants' second motion for summary judgment

-2-

to July 6, 2004.  See id.

The Defendants' counsel filed a notice with the Court stating that he would be on vacation and unavailable from June 15 through June 25, 2004.  See Notice of Unavailability, filed April 30, 2004 (Doc. 94).  On June 11, 2004, the Nation's counsel contacted the offices of the Defendants' counsel to determine whether the Defendants would oppose a Nation's motion under rule 56(f) of the Federal Rules of Civil Procedure to stay proceedings on the Defendants' second motion for summary judgment.  But the Nation's counsel was informed that the Defendants' counsel was already on vacation.  The Nation represents that, because of that situation, it was not able to determine, in accordance with D.N.M. LR-Civ. 7.1(a), whether the Defendants would oppose its rule 56(f) motion until June 24, 2004, while the Nation's counsel was out of state for pending business commitments.

On June 28, 2004, upon returning to his office, the Nation's counsel spoke with the Defendants' counsel and requested concurrence in a two-week extension of time for the Nation to respond to the Defendants' second motion for summary judgment; the Nation sought to allow for briefing on and adjudication of the Nation's planned rule 56(f) motion before that deadline.  The Defendants' counsel refused to concur in any more than a few days' extension beyond the current summary judgment response due date of July 6, 2004.  The Nation also informed the Defendants that its counsel is scheduled to be in Washington, D.C. on business from July 7 through July 9, 2004.

The Nation filed an Expedited Rule 56(f) Motion to Stay Proceedings on Defendants' Second Motion for Summary Judgment on the same date -- June 30, 2004 -- that it filed the motion before the Court.  The Nation personally served a copy of that motion on the offices of the Defendants' counsel.

The Nation has moved on an expedited basis for an extension of time in which to file its

response to the Defendant's Second Motion for Summary Judgment. The Nation represents that it filed its motion on an expedited bases because the current deadline for the Nation to respond to the Defendants' second motion for summary judgment is July 6, 2004. The Nation requests a two-week extension of the deadline, from July 6, 2004 to and including July 20, 2004, for it to file its response to the Defendants' second motion for summary judgment. The also Nation suggests that, if the Court believes that more than two weeks beyond July 6, 2004, might be required to resolve the Nation's rule 56(f) motion, the Court should extend the summary judgment response deadline to a date after July 20, 2004, which the Court finds appropriate.

The Defendants oppose this motion.

## ANALYSIS

If the Court grants the Nation's rule 56(f) motion, the Nation will not have to file a response to the Defendants' second motion for summary judgment until after completion of relevant discovery. It is true that the requested extension would allow for orderly completion of briefing on and adjudication of the Nation's rule 56(f) motion before the Nation completes and files its response to the Defendants' second motion for summary judgment if the Court denies the Nation's rule 56(f) motion. But granting this motion will interfere with the case management deadlines that the parties and the Court established in April and May. Moreover, at that time, the parties agreed that the Court would stay all discovery and further proceedings pending adjudication of the Defendants' second motion for summary judgment. See Order (Doc. 91). It appears that the Nation has changed its mind about what it agreed to earlier this year.

At least as to briefing the motion for summary judgment, the Court is not convinced the Nation should delay its response much longer. While it may be appropriate to reconsider the stay,

-4-

it is unlikely that the Court will be able to determine whether more discovery is needed on the issues that the second motion for summary judgment raises until it reviews the briefing on the motion for summary judgment.  It is thus also unlikely the Court will delay reviewing the motion for summary judgment until it decides the rule 56(f) motion or until discovery is complete.  As the Court stated in its Memorandum Opinion and Order, filed February 5, 2004 (Doc. 73):

> It is difficult for the Court to decide in a meaningful way what discovery needs to be done until it reviews the briefing on the motion for summary judgment.  The Court . . . will set the motion for summary judgment for an immediate hearing, and will hear the lawyers argue all issues that the motion fairly raises.  If it becomes apparent that more discovery is needed, the Court will either deny the motion or defer ruling until the needed discovery is completed.

Memorandum Opinion and Order at 9-10.  The Court continues to think this approach is likely the best procedure to decide the second motion for summary judgment.

**IT IS ORDERED** that the Plaintiff's Expedited Motion for Extension of Time to Respond to Defendants' Second Motion for Summary Judgment is denied in part and granted in part.  The Plaintiff shall have until and including Monday, July 12, 2004 to file its response to the Defendants' Second Motion for Summary Judgment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Daniel I.S.J. Rey-Bear
Nordhaus, Halton, Taylor, Taradash & Bladh, LLP
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

R. Galen Reimer
Gallagher, Casados & Mann, P.C.
Albuquerque, New Mexico

*Attorneys for the Defendants*